

FILED

September 7, 2018

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 2:23 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | | |
|---|---|---|
| CAROLE WHITE, | ) | Docket No. 2017-05-0944 |
|     EMPLOYEE, | ) | |
| v. | ) | |
| | ) | |
| COMMUNITY CARE OF | ) | State File No. 40374-2017 |
| RUTHERFORD CO., | ) | |
|     EMPLOYER, | ) | |
| And | ) | |
| | ) | |
| EASTERN ALLIANCE INS. CO., | ) | Judge Dale Tipps |
|     CARRIER. | ) | |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

This matter came before the Court upon Community Care's Motion for Summary Judgment. For the reasons below, the Court finds Community Care is entitled to summary judgment.

### Procedural History

Ms. White filed a Petition for Benefit Determination seeking medical and temporary disability benefits. After an expedited hearing on the record, this Court issued an interlocutory order holding that Ms. White was unlikely to prevail at a hearing on the merits in establishing that she suffered a mental injury arising primarily out of her employment.

Community Care later filed a Motion for Summary Judgment, accompanied by a Memorandum of Law and a Statement of Undisputed Facts. Ms. White did not file a response. The Court heard the Motion telephonically on August 30, 2018, with Ms. White and Nicholas Snider, attorney for Community Care, participating.

1

## Facts

Community Care's Statement of Undisputed Facts included the following:

1. "The PBD described how the injury occurred as 'from working in a hostile work environment for so long.'"

2. "The alleged date of injury is February 2017. No specific date of injury is provided."

3. "Employee has offered no evidence of an identifiable stressful, work related event that produced a sudden mental stimulus."

## Findings of Fact and Conclusions of Law

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

Community Care, as the party who does not bear the burden of proof at trial, must do one of two things to prevail on its motion for summary judgment: (1) submit affirmative evidence that negates an essential element of Ms. White's claim, or (2) demonstrate that Ms. White's evidence is insufficient to establish an essential element of her claim. Tenn. Code Ann. § 20-16-101 (2017); *see also Rye v. Women's Care Ctr. of Memphis*, *MPLLC,* 477 S.W.3d 235, 264 (Tenn. 2015). If Community Care is successful in meeting this burden, Ms. White "may not rest upon the mere allegations or denials of its pleading." *Id.* at 265. Rather, she must respond by producing affidavits, pleadings, depositions, responses to interrogatories, or admissions that set forth specific facts showing that there is a genuine issue for trial. *Id*.; Tenn. R. Civ. P. 56.06. She must do more than simply show that there is some metaphysical doubt as to the material facts. *Rye,* at 265.

Here, Ms. White filed no response to the Statement of Undisputed Facts. She attended the hearing to oppose the motion but identified nothing in the record to support her assertions. While her response did not comply with the rule, Rule 56.06 also states that if the party opposing the motion does not respond, summary judgment shall be entered against the adverse party "if appropriate."

To determine whether summary judgment is appropriate, the Court looks to whether there are genuine issues of material fact on causation, an essential element of Ms. White's claim. Tennessee courts apply a two-part test in order to determine whether an injury caused by mental or emotional stimulus is compensable. First, the injury must

stem from "an identifiable stressful, work-related event producing a sudden mental stimulus such as fright, shock, or excessive unexpected anxiety." Second, "the event must be extraordinary in comparison to the stress ordinarily experienced by an employee in the same type of duty." *Creasman v. Waves, Inc.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 13, at *7 (Apr. 16, 2018).

The undisputed facts establish that Ms. White did not identify a specific date of injury or a stressful, work related event that produced a sudden mental stimulus. Instead, she contends the injury occurred "from working in a hostile work environment for so long." However, gradual employment stress is insufficient to establish a claim for an injury caused by mental or emotional stimulus. *See Gatlin v. Knoxville*, 822 S.W.2d 587, 591 (Tenn. 1991). Therefore, based on these undisputed facts, the Court holds that Community Care has demonstrated Ms. White's evidence is insufficient to establish an essential element of her claim.

**IT IS, THEREFORE, ORDERED** as follows:

1. Community Care's Motion for Summary Judgment is granted, and Ms. White's claim against Community Care and its workers' compensation carrier for the requested workers' compensation benefits is dismissed on the merits with prejudice to its refiling.

2. The filing fee of $150.00 is taxed to Community Care under Tennessee Compilation Rules and Regulations 0800-02-21-.07, for which execution may issue as necessary.

3. Absent appeal, this order shall become final thirty days after entry.

**ENTERED this the 7th day of September, 2018.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Order Granting Summary Judgment was sent to the following recipients by the following methods of service on this the 7th day of September, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|---------------|-----|-------|------------------|
| Carole White, Employee | X | | X | 1209 John Hood Drive Rockvale, TN 37153 sdwhite101@gmail.com |
| Nicholas Snider, Employer's Attorney | | | X | nsnider@morganakins.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Filed Date Stamp Here**

**COMPENSATION HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**List of Parties**

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____At Hearing:☐Employer☐Employee

Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of
Board of Workers' Compensation Appeals on this the_____day of_____, 20__.


[Signature of appellant or attorney for appellant]      _____


Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals
Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by
the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

   _____ Relationship: _____

   _____ Relationship: _____

   _____ Relationship: _____

   _____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | | |
|---|---|---|---|---|
| AFDC | $ _____ | per month | beginning | _____ |
| SSI | $ _____ | per month | beginning | _____ |
| Retirement | $ _____ | per month | beginning | _____ |
| Disability | $ _____ | per month | beginning | _____ |
| Unemployment | $ _____ | per month | beginning | _____ |
| Worker's Comp. | $ _____ | per month | beginning | _____ |
| Other | $ _____ | per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month   Medical/Dental  $ _____ per month

Groceries        $ _____ per month      Telephone       $ _____ per month

Electricity      $ _____ per month      School Supplies $ _____ per month

Water            $ _____ per month      Clothing        $ _____ per month

Gas              $ _____ per month      Child Care      $ _____ per month

Transportation   $ _____ per month      Child Support   $ _____ per month

Car              $ _____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile             $ _____       (FMV) _____

Checking/Savings Acct. $ _____

House                  $ _____       (FMV) _____

Other                  $ _____       Describe: _____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)                                        RDA 11082